# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANDREW MARK SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C17-1770JLR<br><br>ORDER ON REVIEW OF REFUSAL TO RECUSE |

THIS MATTER comes before the Court on Petitioner's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1), a portion of which the presiding judge, the Honorable James L. Robart, has construed as a request for his recusal. *See* Dkt. #1 at 4. After review of the document, Judge Robart declined to recuse himself. Dkt. #4. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(e).

In his motion, Petitioner "questions . . . whether the trial judge is impartial and unbias [sic], when rendering a decision so obviously favorable to the Government." Dkt. #1 at 4. He then seeks to have his sentence vacated as a result. *Id.*

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Petitioner cites no evidence which would support a finding of impartiality, prejudice or bias on Judge Robart's part. While it is clear he believes that the criminal sentence imposed by Judge Robart was not what Congress intended, this is insufficient to form the basis of a valid request for recusal. Petitioner is entitled to appeal any rulings he believes to be in error, but he may not properly seek recusal of the presiding judge on those grounds. A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Petitioner would have to show that facts outside the record influenced decisions, or that the judge's rulings were so irrational that they must be the result of prejudice. Petitioner does not allege any facts outside the record that improperly influenced the decisions in this matter. Accordingly, the Court finds no evidence upon which to reasonably question Judge Robart's impartiality and AFFIRMS his denial of Petitioner's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Petitioner, all counsel of record, and to Judge Robart.

Dated this 19th day of December, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE